UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CR421-0070

| UNITED STATES OF AMERICA | ) | INDICTMENT NO. |
|---|---|---|
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | Conspiracy to Commit Assault Upon |
| BYRON BOOKER | ) | a Member of the U.S. Uniformed |
| | ) | Services and to Commit Burglary |
| JORDAN BROWN | ) | |
| | ) | 18 U.S.C. § 111 |
| | ) | Assault Upon a Member of the U.S. |
| | ) | Uniformed Services |
| | ) | |
| | ) | 18 U.S.C. § 13, O.C.G.A. § 16-7-1(b) |
| | ) | Burglary |
| | ) | |
| | ) | 18 U.S.C. § 1513(f) |
| | ) | Conspiracy to Retaliate Against a |
| | ) | Witness |
| | ) | |
| | ) | 18 U.S.C. § 1513(b) |
| | ) | Retaliation Against a Witness |
| | ) | |
| | ) | 18 U.S.C. § 1111 |
| | ) | Felony Murder |
| | ) | |
| | ) | 18 U.S.C. § 1114 |
| | ) | Murder of a Member of the United |
| | ) | States Uniformed Services |
| | ) | |
| | ) | 18 U.S.C. § 1111 |
| | ) | Premeditated Murder |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | Notice of Special Findings |

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**
*Conspiracy*
18 U.S.C. § 371

On or about June 13-17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, which was a place within the special territorial jurisdiction of the United States, and elsewhere, the defendants,

**BYRON BOOKER and JORDAN BROWN,**

did knowingly and intentionally combine, conspire, confederate and agree together and with each other to commit offenses against the United States, that is, to forcibly assault, intimidate and interfere with U.S. Army Specialist Austin J. Hawk, an employee of the United States and member of the United States uniformed services, on account of U.S. Army Specialist Austin J. Hawk's performance of his official duties, which assault was to involve physical contact or another felony, in violation of 18 U.S.C. § 111, and to commit burglary of U.S. Army Specialist Austin J. Hawk's barracks room on Fort Stewart Military Reservation, in violation of O.C.G.A. § 16-7-1(b) and 18 U.S.C. § 13.

**Objects of the Conspiracy**

The objects of the conspiracy were:

a. to retaliate against U.S. Army Specialist Austin J. Hawk for his report of drug use by Defendant **JORDAN BROWN**;

b. to retaliate against U.S. Army Specialist Austin J. Hawk for his report of poor leadership, poor military performance, and maltreatment of subordinates by Defendant **BYRON BOOKER**;

c. to do bodily harm to U.S. Army Specialist Austin J. Hawk;

d. to damage the tangible property of U.S. Army Specialist Austin J. Hawk;

e. to remain undetected as the perpetrators of an assault against U.S. Army Specialist Austin J. Hawk; and

f. to remain undetected as the perpetrators of a burglary targeting U.S. Army Specialist Austin J. Hawk.

## Manner and Means of the Conspiracy

It was part of the conspiracy and among its manner and means that the defendants, counseled and induced by each other:

a. would speak by phone and in person on June 13-16, 2020, about "silencing" U.S. Army Specialist Austin J. Hawk;

b. would discuss ways to "silence" U.S. Army Specialist Austin J. Hawk, including beating him, poisoning him and smothering him with a pillow;

c. would discuss damaging and destroying U.S. Army Specialist Austin J. Hawk's property;

d. would discuss plans wherein defendant **JORDAN BROWN** would provide defendant **BYRON BOOKER** a key to U.S. Army Specialist Austin J. Hawk's barracks room so defendant **BOOKER** could enter without authority and "silence" Specialist Hawk;

e. would enter onto Fort Stewart without authority;

f. would enter into Building 3006, Room 208;

g. would remain in Building 3006, Room 208 without authority;

h. would assault U.S. Army Specialist Austin J. Hawk; and

i. would damage the tangible property of U.S. Army Specialist Austin J. Hawk.

## Overt Acts

In furtherance of the conspiracy and to accomplish its objects, at least one of the Defendants committed or caused to be committed, in the Southern District of Georgia, at least one of the following overt acts:

a. On or about June 17, 2020, defendant **BYRON BOOKER** departed his residence in Ludowici, Georgia, and purposefully left his cell phone at his residence to create an alibi and to avoid detection by law enforcement.

b. On or about June 17, 2020, defendant **BYRON BOOKER** drove his personal vehicle to a lot adjacent to a controlled access point at Fort Stewart.

c. At or about 12:22 a.m. on June 17, 2020, defendant **BYRON BOOKER**, without authority, entered Fort Stewart on foot through a controlled access point.

d. On or about June 17, 2020, defendant **BYRON BOOKER** walked approximately one mile from the controlled access point to Barracks Building 3006.

e. On or about June 17, 2020, defendant **BYRON BOOKER** entered Barracks Building 3006, Room 208, which was occupied by U.S. Army Specialist Austin J. Hawk.

f. On or about June 17, 2020, defendant **BYRON BOOKER** stabbed, cut, and slashed U.S. Army Specialist Austin J. Hawk with an edged weapon.

g. On or about June 17, 2020, after departing Fort Stewart on foot, defendant **BYRON BOOKER** disposed of the clothing and shoes he wore while inside Barracks Building 3006, Room 208.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
*Assault Upon a Member of the United States Uniformed Services*
18 U.S.C. § 111

On or about June 17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, which was a place within the special territorial jurisdiction of the United States, the defendant,

**BYRON BOOKER and JORDAN BROWN,**

counseled and induced by each other, did unlawfully, intentionally and forcibly assault, intimidate, interfere with and inflict bodily injury upon U.S. Army Specialist Austin J. Hawk by stabbing, cutting and slashing U.S. Army Specialist Austin J. Hawk with an edged weapon, which was a deadly and dangerous weapon.

All in violation of Title 18, United States Code, Sections 2, 7 and 111, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT THREE
*Burglary of a Dwelling*
O.C.G.A. § 16-7-1(b) and 18 U.S.C. §§ 7, 13

On or about June 17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, a place within the special territorial jurisdiction of the United States, the defendants,

**BYRON BOOKER and JORDAN BROWN,**

counseled and induced by each other, did, without authority and with the intent to commit a felony therein, enter and remain within an occupied dwelling, that is, Building 3006, Room 208, which was then the barracks room of U.S. Army Specialist Austin J. Hawk.

All in violation of Title 18, United States Code, Sections 2, 7, 13 and 111, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT FOUR
*Conspiracy to Retaliate Against a Witness*
18 U.S.C. § 1513(f)

On or about June 13-17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, the defendants,

**BYRON BOOKER and JORDAN BROWN,**

did knowingly and intentionally combine, conspire, confederate and agree together and with each other to cause bodily injury to and damage the tangible property of U.S. Army Specialist Austin J. Hawk, with the intent to retaliate against U.S. Army Specialist Hawk for providing a record and document in an official proceeding, that is, a Preliminary Inquiry as required by Rule for Courts-Martial 303, regarding defendant **JORDAN BROWN**'s use of controlled substances.

All in violation of Title 18 U.S.C. Sections 1513(f) and 1513(b)(1).

## COUNT FIVE
*Retaliation Against a Witness*
18 U.S.C. § 1513(b)(1)

On or about June 17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, the defendants,

**BYRON BOOKER and JORDAN BROWN,**

counseled and induced by each other, did knowingly engage in conduct, that is, a physical attack upon U.S. Army Specialist Austin J. Hawk, which caused bodily injury to and damage to the tangible property of U.S. Army Specialist Austin J. Hawk, with the intent to retaliate against U.S. Army Specialist Austin J. Hawk for providing a record or document in an official proceeding, that is, a Preliminary Inquiry, as required by Rule for Courts-Martial 303, regarding defendant **JORDAN BROWN**'s use of controlled substances.

All in violation of Title 18 U.S.C. Sections 2 and 1513(b)(1), and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT SIX
*Felony Murder*
18 U.S.C. § 1111

On or about June 17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, a place within the special territorial jurisdiction of the United States, the defendants,

**BYRON BOOKER and JORDAN BROWN,**

counseled and induced by each other, did, with malice aforethought, unlawfully kill U.S. Army Specialist Austin J. Hawk by stabbing, cutting and slashing U.S. Army Specialist Austin J. Hawk with an edged weapon, while engaged in the knowing and willful perpetration of burglary.

All in violation of Title 18, United States Code, Sections 2, 7 and 1111, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT SEVEN
*Murder of a Member of the United States Uniformed Services*
18 U.S.C. § 1114

On or about June 17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, the defendant,

**BYRON BOOKER,**

did, with premeditation and malice aforethought, unlawfully kill U.S. Army Specialist Austin J. Hawk, an employee of the United States and member of the United States uniformed services, on account of the performance of U.S. Army Specialist Austin J. Hawk's official duties.

All in violation of Title 18, United States Code, Section 1114.

## COUNT EIGHT
*Premeditated Murder*
18 U.S.C. § 1111

On or about June 17, 2020, in Liberty County, in the Southern District of Georgia, on Fort Stewart Military Reservation, a place within the special territorial jurisdiction of the United States, the defendant,

**BYRON BOOKER,**

willfully, deliberately, maliciously, and with premeditation and malice aforethought, did unlawfully kill U.S. Army Specialist Austin J. Hawk, by stabbing, cutting and slashing U.S. Army Specialist Austin J. Hawk with an edged weapon.

All in violation of Title 18, United States Code, Sections 7 and 1111.

## NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT BYRON BOOKER

The Grand Jury further finds that:

Pursuant to the provisions of Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, the following factors exist regarding defendant **BYRON BOOKER,** and his commission of the offenses charged in Counts 6 through 8 of this indictment, that is, the murder of U.S. Army Specialist Austin J. Hawk, in violation of Title 18, United States Code, Sections 1114 and 1111, the allegations of which are fully re-alleged and incorporated herein by reference:

- A. Statutory Factors Enumerated under Title 18, United States Code, Section 3591(a)(2)(A)-(D):
  1. Age of the Defendant.
     a. The defendant, **BYRON BOOKER,** was 18 years of age or older at the time he committed the offense. Title 18, United States Code, Section 3591(a).
  2. Mental State of the Defendant.
     a. The defendant, **BYRON BOOKER,** intentionally killed U.S. Army Specialist Austin J. Hawk. Title 18, United States Code, Section 3591(a)(2)(A).
     b. The defendant, **BYRON BOOKER,** intentionally inflicted serious bodily injury to U.S. Army Specialist Austin J. Hawk that resulted in U.S. Army Specialist Hawk's death. Title 18, United States Code, Section 3591(a)(2)(B).
     c. The defendant, **BYRON BOOKER,** intentionally and specifically engaged in an act of violence which he knew would create a grave risk of death to his victim, such that his participation in the act constituted a reckless disregard for human life and directly resulted in the death of his victim, U.S. Army Specialist Austin J. Hawk. Title 18, United States Code, Section 3591(a)(2)(D).

B. Statutory Factors enumerated under Title 18, United States Code, Section 3592(c):

1. Heinous, cruel, or depraved manner of committing offense, in that the defendant, **BYRON BOOKER,** committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to U.S. Army Specialist Austin J. Hawk. Title 18, United States Code, Section 3592(c)(6).

2. Substantial planning and premeditation, in that the defendant, **BYRON BOOKER,** committed the offense after substantial planning and premeditation to cause the death of U.S. Army Specialist Austin J. Hawk. Title 18, United States Code, Section 3592(c)(9).

C. Non-Statutory Factors to be considered under Title 18, United States Code, Section 3592(c):

1. Murder during the commission of another offense, that is, Burglary in violation of O.C.G.A. 16-7-1(b) and Retaliation Against a Witness in violation of 18 U.S.C. § 1513.

2. Lack of remorse, to include defendant **BYRON BOOKER's** response when asked "you don't feel anything for [Specialist Hawk]?" which was, "I mean no, not really."

3. Effect on U.S. Army Specialist Austin Hawk' family, to include the responsibility borne by U.S. Army Specialist Austin J. Hawk's mother to care for U.S. Army Specialist Austin J. Hawk's disabled older brother.

4. Effect upon the well-being, morale and security of Soldiers living on Fort Stewart, Georgia, in that the murder of U.S. Army Specialist Austin J. Hawk demoralized members of U.S. Army Specialist Austin J. Hawk's battalion and affected the battalion's operational readiness.

**NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT JORDAN BROWN**

The Grand Jury further finds that:

Pursuant to the provisions of Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, the following factors exist regarding defendant **JORDAN BROWN,** and his commission of the offenses charged in Count 6 of this indictment, that is, the murder of U.S. Army Specialist Austin J. Hawk, in violation of Title 18, United States Code, Section 1111, the allegations of which are fully re-alleged and incorporated herein by reference:

A. Statutory Factors Enumerated under Title 18, United States Code, Section 3591(a)(2)(A)-(D):

1. Age of the Defendant.

    a. The defendant, **JORDAN BROWN,** was 18 years of age or older at the time he committed the offense. Title 18, United States Code, Section 3591(a).

2. Mental State of the Defendant.

    The defendant, **JORDAN BROWN,** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants of the offense, and the victim died as a result of the act. Title 18, United States Code, Section 3591(a)(2)(C).

B. Statutory Factors enumerated under Title 18, United States Code, Section 3592(c):

1. Substantial planning and premeditation, in that the defendant, **JORDAN BROWN,** committed the offense after substantial planning and premeditation to cause the death of U.S. Army Specialist Austin J. Hawk. Title 18, United States Code, Section 3592(c)(9).

15

C. Non-Statutory Factors to be considered under Title 18, United States Code, Section 3592(c):

1. Murder during the commission of another offense, that is, Burglary in violation of O.C.G.A. 16-7-1(b) and Retaliation Against a Witness in violation of 18 U.S.C. § 1513.

2. Effect on U.S. Army Specialist Austin Hawk' family, to include the responsibility borne by U.S. Army Specialist Austin J. Hawk's mother to care for U.S. Army Specialist Austin J. Hawk's disabled older brother.

3. Effect upon the well-being, morale and security of Soldiers living on Fort Stewart, Georgia, in that the murder of U.S. Army Specialist Austin J. Hawk demoralized members of U.S. Army Specialist Austin J. Hawk's battalion and affected the battalion's operational readiness.

A True Bill.

_____

_____
David H. Estes
Acting United States Attorney

_____
Jennifer G. Solari
Assistant United States Attorney
Senior Litigation Counsel
*Lead Counsel

_____
Karl I. Knoche
Assistant United States Attorney
Chief, Criminal Division

_____
Darron J. Hubbard
Special Assistant United States Attorney

_____
Frank Pennington
Assistant United States Attorney

17